UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

RECEIVED
JUN 23 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

MATTHEW ANDREW GARCES, Individually and as Heir of the ESTATE OF

DARLENE GARCES CARUTH,

*Plaintiff*,

v.

CITY OF SAN ANTONIO; SAN ANTONIO POLICE DEPARTMENT (SAPD);

SERGEANT MARFIN (SAPD Cold Case Supervisor), in his Individual and

Official Capacity; MIGUEL CONTRERAS SR.; and JOHN DOES 1-10 (SAPD

Officers and Supervisors),

*Defendants*.

CASE NO.: SA25CA0703 FB

COMPLAINT FOR:

1. **42 U.S.C. § 1983 (Violation of 14th Amendment Due Process – State-Created Danger)**

2. **Monell Liability (Policy/Custom Deliberate Indifference)**

3. **Wrongful Death (Tex. Civ. Prac. & Rem. Code § 71.001)**

4. **Destruction of Evidence/Spoliation**

5. **ADA Violations (42 U.S.C. § 12132)**

6. **First Amendment Retaliation**

## I. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction** (28 U.S.C. § 1331): Claims arise under 42 U.S.C. § 1983, ADA, and U.S. Constitution.

2. **Supplemental Jurisdiction** (28 U.S.C. § 1367): State law claims (wrongful death, negligence) derive from the same nucleus of facts.

3. **Venue** (28 U.S.C. § 1391(b)): All events occurred in Bexar County, Texas.

## II. PARTIES

4. **Plaintiff MATTHEW ANDREW GARCES**: Son of DARLENE GARCES CARUTH (deceased U.S. Army honorable veteran). Citizen of Texas.

5. **Defendant CITY OF SAN ANTONIO**: Municipal entity controlling SAPD.

6. **Defendant SAPD**: Governmental agency acting under color of state law.

7. **Defendant SERGEANT MARFIN**: SAPD Cold Case Supervisor. Personally confirmed mishandling of evidence (June 13, 2025) and destruction of case files (June 17, 2025). Sued individually/officially.

8. **Defendant MIGUEL CONTRERAS SR.**: Ex-husband of Decedent. Perpetrator of prior domestic violence (1990 assault charge). Beneficiary of $55,000 life insurance policy.

9. **JOHN DOES 1-10**: SAPD officers involved in cover-up and retaliation (e.g., DeLeon, Diaz, Foster, Ruiz).

## III. FACTUAL ALLEGATIONS: SYSTEMIC MISHANDLING AND CONCEALMENT

**A. The 1999 Death of Darlene Garces Caruth**

10. **October 15, 1999**: Darlene found dead of gunshot wound. SAPD immediately ruled suicide "**without**":

- Testing hands for gunpowder residue;

- Interviewing family (per Sergeant Marfin, June 13, 2025);

- Investigating Miguel Contreras Sr.'s $55,000 life insurance policy (maxed a few days before death).

11. History of Domestic Terror:

- June 23, 1990: Miguel convicted of Assault Bodily Injury–Married (Case #472775) after breaking Darlene's nose.

- July 20, 1990: Protective Order issued against Miguel (Case #1990CI10417).

- Pre-Death Custody Battle: Darlene hired attorney Rudy Nava to regain custody of her children from Miguel Contreras Sr.

B. **SAPD's Pattern of Deliberate Indifference (1999–2025)**

12. **2017–2025 Efforts to Reopen Case**:

- "October 23, 2017": Plaintiff reported evidence to Bexar County DA's office.

- "November 1, 2017": Emailed SAPD Sgt. Michael Davis. **No response**.

- "June 2, 2020": Detective DeLeon dismissed Plaintiff: **"Expecting me to do something 21 years later?"** Hung up when Plaintiff cited no statute of limitations for murder.

13. **2024 Retaliatory Campaign Against Plaintiff**:

    - "June 24, 2024": Officers Ruiz/Arizola refused to document Plaintiff as assault victim.

    - "July 22, 2024": Sgt. Oliva/Coleman illegally evicted Plaintiff 8 days pre-spinal surgery (ADA violation).

    - "October 9, 2024": Falsely blamed Plaintiff for hit-and-run.

14. **2025 Destruction of Evidence**:

    - "June 17, 2025": Sergeant Marfin admitted case files destroyed.

    - "Pretextual Justification": SAPD erased proof of its malfeasance.

### C. SAPD's Policy of Ignoring Domestic Violence

15. **Systemic Cover-Up:**

    - **October 26, 2017**: SAPD Captain McManus admitted 130+ sex/domestic violence cases mishandled.

    - **Trained Incompetence**: Failure to test GSR, interview witnesses, or follow financial motives reflects "deliberate indifference" to domestic violence victims.

## IV. LEGAL CLAIMS

### COUNT 1: 42 U.S.C. § 1983 – STATE-CREATED DANGER (14TH AMENDMENT)

16. **Special Relationship Doctrine:**

    - SAPD knew Miguel posed imminent threat (1990 domestic violence charge + protective order). *Sanchez v. City of Austin*, 774 S.W.2d 164 (Tex. App. 1989) (duty arises when state aware of specific threat).

17. **Conscience-Shocking Deliberate Indifference**:

    - Failure to investigate Miguel + life insurance policy created opportunity for murder. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (conduct "shocking the conscience" violates due process).

## COUNT 2: MONELL LIABILITY (CITY OF SAN ANTONIO)

18. **Policy/Custom of Deliberate Indifference**:

    - SAPD's routine mishandling of domestic violence cases (130+ admitted) reflects "de facto policy". *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

19. **Failure to Train**:

    - Officers untrained in GSR testing, witness interviews, and domestic violence lethality indicators. *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (inadequate training shows "deliberate indifference").

## COUNT 3: WRONGFUL DEATH (TEX. CIV. PRAC. & REM. CODE § 71.001)

20. Miguel Sr. intentionally murdered Darlene to collect $55,000 insurance.

21. SAPD enabled murder via gross negligence. *City of Waco v. Lopez*, 259 S.W.3d 147, 153 (Tex. App. 2008) (police liability for negligent investigation).

## COUNT 4: SPOLIATION OF EVIDENCE

22. **Bad-Faith Destruction**:

    - SAPD destroyed case files (June 17, 2025) to conceal liability. Spoliation inference applies. *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997).

## COUNT 5: ADA VIOLATIONS (42 U.S.C. § 12132)

23. **Discriminatory Eviction**:

    - SAPD gave Plaintiff 1.5 hours to vacate pre-spinal surgery (July 22, 2024). *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (Title II covers access to justice).

## COUNT 6: FIRST AMENDMENT RETALIATION

24. **Retaliatory Harassment:**

    - 2024 false investigations/arrests followed Plaintiff's 2017–2020 complaints. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (retaliation for speech violates 1st Amendment).

## V. OVERCOMING STATUTE OF LIMITATIONS

25. **Continuing Violation Doctrine**:

    - SAPD's refusals to investigate (2017, 2020, 2024) are "new actionable acts". *Heath v. Bd. of Supervisors*, 850 F.2d 1043, 1045 (5th Cir. 1988).

26. **Discovery Rule**:

    - Limitations tolled until June 13, 2025, when Sergeant Marfin confirmed SAPD never tested GSR or interviewed family. **Tex. Civ. Prac. & Rem. Code § 16.001(a).**

## VI. PRAYER FOR RELIEF

Plaintiff demands:

1. **Compensatory Damages**: $10,000,000.00 for wrongful death, emotional distress, and ADA violations.

2. **Punitive Damages**: Against individual defendants.

3. **Declaratory Judgment**: SAPD's policies violate 14th Amendment/ADA.

4. **Injunctive Relief**:

    - SAPD training overhaul for domestic violence cases;

    - Independent audit of SAPD cold cases.

5. **Jury Trial** on all claims.

## VII. JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.

## VIII. VERIFICATION

I, <u>Matthew Andrew Garces,</u> swear under penalty of perjury that the foregoing is true and correct.

_/s/ Matthew Garces_

Matthew Andrew Garces, *Pro Se*

Dated: June 21, 2025

Respectfully submitted,

_/s/ Matthew Garces_

Matthew Andrew Garces, *Pro Se*

5150 Broadway Street, PMB #476

San Antonio, Texas 78209

Phone: (210) 239-9959

Cellphone: (210) 966-3554

Fax: (210) 369-9363

Email: DRUMMAJORMAC@GMAIL.COM